UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                 Case No. 2:23-bk-00762-FMD

Broit Builders, Inc. d/b/a Broit Lifting,                              Chapter 11, Subchapter V

               Debtor.                                       Chief Judge Caryl E. Delano

_____/

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
ACCOUNTING & BUSINESS PARTNERS, LLC AS ACCOUNTANTS FOR
<u>DEBTOR AND DEBTOR IN POSSESSION AND TO PAY POST PETITION RETAINER</u>**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and mail a copy to the moving party at Mike Dal Lago, Esq., Dal Lago Law, 999 Vanderbilt Beach Rd., Suite 200, Naples, Florida 34108 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> **You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Broit Builders, Inc. d/b/a Broit Lifting, the above-captioned debtor and debtor-in-possession ("Debtor"), by and through its undersigned counsel, hereby applies ("Application"), pursuant to section 327(a) of title 11 of the United States Bankruptcy Code ("Bankruptcy Code")

and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for the entry of an order authorizing the Debtor to retain and employ Accounting & Business Partners, LLC ("ABP") as accountants in this case as of the Petition Date (defined below) and authorizing the Debtor to pay to ABP a post-petition retainer in the amount of Five Thousand and 00/100 Dollars ($5,000.00). In support of this Application, the Debtor submits the Declaration of Andrea Bone, C.P.A., which is attached hereto as <u>Exhibit A</u> ("Bone Declaration"), and respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1134. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4. On July 10, 2023 ("Petition Date") the Debtor filed its voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties and affairs as a debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

5. The Debtor owns and operates a forklift and heavy equipment company located in Fort Myers, Florida.

## RELIEF REQUESTED

6. The Debtor seeks to employ ABP as its accountants in this Chapter 11 case to provide traditional bookkeeping, payroll, and accounting services as well as bankruptcy reporting

2

services pursuant to the terms of the Statements of Work (collectively, the "SOW"), a copy of which is attached hereto as Exhibit B.

7. The Debtor respectfully requests the Court enter an order, effective as of the Petition Date: (i) approving the Application; (ii) authorizing ABP's retention and employment as accountants for the Debtor in the Case; (iii) authorizing the retainer described herein ("Proposed Retainer"), and such Proposed Retainer's application towards compensating ABP for accounting services and reimbursement of expenses as set forth herein; (iv) providing that ABP shall be engaged in this Case within the scope set forth herein; and (v) granting the Debtor such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

8. Under Section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title."

9. As required by Rule 2014(a) of the Bankruptcy Rules, this Application and the Bone Declaration set forth: (a) the specific facts showing the necessity for ABP's employment; (b) the reasons for the Debtor's selection of ABP as its accountants in connection with this case; (c) the professional services to be provided by ABP; (d) the arrangement between the Debtor and ABP with respect to Bone's compensation (as well as the reasonableness thereof); and (e) to the best of Debtor's knowledge, the extent of ABP's connections, if any, to certain parties in interest in this case.

10. As set forth in the Bone declaration, ABP—neither presently nor within the last 2 years—is or was a creditor, equity security holder, insider, director, officer, or employee of the

3

Debtor. ABP, therefore, meets the standard set forth in 11 U.S.C. § 101(14)(A) and (B).

11. ABP does not have an interest materially adverse to the interest of the Debtor's estate or to the body of creditors (or equity holders, to the extent applicable). Accordingly, ABP meets the standard set forth in Bankruptcy Code section 101(14)(C).

12. Based on the analysis above, the Debtor has concluded that ABP is qualified for the engagement proposed herein and respectfully requests that the Court approve the Application.

### I. *Selection of ABP*

13. The Debtor has selected ABP as its accountants in this case because of ABP's wealth of experience and expertise in providing accounting services for businesses such as the Debtor. For these reasons, the Debtor believes that ABP possesses the requisite expertise to serve as accountants in this case and can do so in an efficient and cost-effective manner.

### II. *Services to be Provided by ABP*

14. The Debtor anticipates that ABP will render accounting services as needed throughout the course of this case. In particular, the Debtor anticipates that ABP will perform, *inter alia*, the following services:

   (a) review Quickbooks for accuracy and YTD completion;

   (b) reconcile previous year end balance sheet with tax returns to be completed;

   (c) review previous years' tax returns for analysis of revenue and expenses;

   (d) prepare Cash Collateral Budgets based on historical data and YTD figures;

   (e) prepare monthly operating reports ("MORs");

   (f) attend hearings as requested;

   (g) prepare forecasts and budgets of the Debtor's operations and cash flows, as necessary;

(h) assist the Debtor's counsel and any other professionals, including without limitation, appraisers, brokers or investment bankers, if such professionals are retained;

(i) after confirmation, set up recurring payments to creditors and settle Administrative claim payments;

(j) continue monthly bookkeeping, and tax services to ensure plan compliance; and

(k) other accounting related activities within the scope of this case as mutually agreed to between the parties.

15. After due consideration and deliberation, the Debtor has concluded that its interests, and the interests of its estate and creditors, will be best served by the retention of ABP to render such services as are necessary and appropriate in connection with the matters set forth above and to render such additional services as may be required from time to time during the pendency of this case.

16. ABP is qualified to serve as accountant in this because it is familiar with this type of business and its operations.

17. Subject to the Court's approval of this Application, ABP has indicated a willingness to serve as the Debtor's accountants and to perform the services described above.

## *Professional Compensation*

18. ABP's fees for accounting services, comparable with industry standards, are based upon hourly rates as follows: Administration, Forty-Five and 00/1000 Dollars ($45.00); Bookkeeping, Seventy-Five and 00/100 Dollars ($75.00); Payroll and Tax, One Hundred Twenty-Five and 00/100 Dollars ($125.00), and CPA, Two Hundred Twenty-Five and 00/100 ($225.00), which is inclusive of all work performed on behalf of Debtor. All software and administrative expenses will be passed through at cost. The Debtor shall pay a post-petition retainer in the amount of Five Thousand and 00/100 Dollars ($5,000.00). The Debtor, subject to Court approval in

accordance with Section 330(a) of the Bankruptcy Code, the applicable Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court, proposes to pay ABP its customary hourly fees on an interim basis as set forth in the Bone Declaration and the SOW, plus reimbursement of actual, necessary expenses incurred by ABP in the course of the representation. Additional, ongoing service costs will be charged as follows: an ongoing monthly bookkeeping fee of Four Thousand and 00/100 Dollars ($4,000.00); a tax return preparation fee for, Form 1040 of Four Hundred Seventy-Five and 00/100 Dollars ($475.00), additional schedules will incur additional fees, and the business form of Five Hundred Seventy-Five and 00/100 Dollars ($575.00) paid annually; any additional tax planning will be billed at Two Hundred Twenty-Five and 00/100 Dollars ($225.00) hourly; CPA services as needed at Two Hundred Twenty-Five and 00/100 Dollars ($225.00) hourly; and pass through costs as follows: QuickBooks at Thirty-Eight and 50/100 Dollars ($38.50) monthly.

19. The Debtor anticipates that Bone will be primarily responsible for performing the accounting services for the Debtor in this case. Staff Accountants and support staff will be involved with the accounting services performed by Bone, and their fees are included in the hourly fees.

20. ABP intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in this case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Orders and Local Bankruptcy Rules of this Court.

### III. *Disinterestedness of Professionals and No Adverse Interest*

21. To satisfy its disclosure requirements to the Court under the Bankruptcy Code, ABP hereby submits that it is not a creditor of the estate for any accounting services that it provided to the Debtor prior to the Petition Date.

22. ABP is employed as bookkeeper for the Debtor's counsel, Dal Lago Law ("DLL"). The services that ABP provides for DLL are standard bookkeeping duties including, but not limited to, tracking expenses, maintaining employee records, and filing tax returns. The duties performed by ABP for DLL are not directly related to those ABP will perform for the Debtor.

23. Except as set forth above and in the Bone Declaration, neither the Debtor nor ABP believe, to the best of their knowledge, that ABP has any other connection with the Debtor, its creditors, the Office of the United States Trustee, the Subchapter V Trustee, or any other party with an actual or potential interest in this case. ABP is not employed by, and has not been employed by, any entity other than the Debtor in matters directly related to this case. Notwithstanding this inquiry and investigation, if ABP discovers additional information that requires disclosure, ABP will file a supplemental disclosure with the Court as promptly as possible.

WHEREFORE, the Debtor respectfully requests entry of an Order: (i) approving the Application; (ii) authorizing the retention and employment of Accounting & Business Partners, LLC by the Debtor as its accountants as of the Petition Date; (iii) authorizing the Debtor to pay ABP a retainer in the amount of Five Thousand and 00/100 Dollars ($5,000.00); (iv) authorizing the Debtor to compensate ABP as set forth herein; and (v) granting such other and further relief as the Court deems just and proper.

***Remainder of page intentionally left blank. Signatures on following page***

Dated: August 2, 2023

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Jennifer M. Duffy*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com
JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Counsel for Broit Builders, Inc. d/b/a Broit Lifting, Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was electronically served through the Court's CM/ECF Noticing system upon entry to The United States Trustee and all attorneys of record, this 2nd day of August 2023.

By: */s/ Jennifer M. Duffy*
JENNIFER M. DUFFY
Florida Bar No. 1028911