In re:                                                    Case No. 2:23-bk-00762-FMD
                                                          Chapter 11

Broit Builders, Inc. d/b/a Broit Lifting,

      Debtor.

_____/

### DEBTOR BROIT BUILDERS, INC. D/B/A BROIT LIFTING'S PLAN OF REORGANIZATION UNDER CHAPTER 11, SUBCHAPTER V

**Broit Builders, Inc. d/b/a Broit Lifting's Plan of Reorganization, Dated October 10, 2023**

Broit Builders, Inc. d/b/a Broit Lifting, the above-captioned debtor and debtor in possession ("**Debtor**"), by and through its undersigned legal counsel, pursuant to section 1189(b) of Title 11 of the United States Code ("**Bankruptcy Code**"), proposes this Plan of Reorganization ("**Plan**") this 10th day of October 2023.

**Background for Cases Filed Under Subchapter V**

**A.     Description and History of the Debtor's Business**

This Plan is being submitted by the Debtor under Bankruptcy Code Chapter 11, Subchapter V (11 U.S.C. § 1181 et seq.) ("**Subchapter V**"). Bankruptcy Code section 1190 requires plans of reorganization filed under Subchapter V include "a brief history of the business operations of the debtor." 11 U.S.C. § 1190(1)(B).

The Debtor is a Florida profit corporation, founded in 2016 by Troy Broitzman ("**Mr. Broitzman**"). Mr. Broitzman is the Debtor's President and Chief Financial Officer. Mr. Broitzman is the Debtor's sole shareholder and officer.

The Debtor is a forklift and heavy equipment company. Before the COVID-19 pandemic, the Debtor was profitable. The financial downturn caused by the COVID-19 pandemic hurt the Debtor's operations. In an effort to improve the long-term viability of its operations, the Debtor took out Economic Injury Disaster Loans to expand operations. Unfortunately, the Debtor's expansion proved unsustainable, and the Debtor was unable to timely pay its obligations as they came due.

In light of the foregoing, on July 10, 2023 (the "**Petition Date**"), the Debtor initiated the above-captioned case ("**Case**") by filing a voluntary petition for reorganizational relief under Subchapter V.

## B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation ("**Liquidation Value**"). A liquidation analysis (the "**Liquidation Analysis**") is attached to the Plan as **<u>Exhibit A</u>**.

The Liquidation Analysis shows that general unsecured creditors would not receive a distribution after accounting for administrative and liquidation expenses. Conversely, if the Plan is confirmed, general unsecured creditors are projected to receive distributions. Accordingly, the treatment proposed under the Plan satisfies Bankruptcy Code section 1129(a)(7).

## C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. Bankruptcy Code section 1129(a) provides, in relevant part, that a plan of reorganization shall not be confirmed unless "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).

The Debtor has provided projected financial information attached to the Plan as **<u>Exhibit B</u>** ("**Financial Projections**"). The Financial Projections were made in good faith using all the resources available to the Debtor. The Financial Projections show the Debtor will be able to avoid liquidation or further reorganization.

Bankruptcy Code section 1191(d) defines disposable income (hereinafter "**Disposable Income**") as "income that is received by the debtor and that is not reasonably necessary to be expended . . . . [for] the maintenance or support of the debtor," or "for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor." 11 U.S.C. § 1191(d). To fund the Plan, the Debtor will use its income, including all projected Disposable Income ("**PDI**") set forth in the Financial Projections. Specifically, the Debtor will use its income, including all PDI for the 5-year period beginning on the date that the first payment is due under the Plan (the aforementioned period hereafter the "**Relevant Income Period**").

While the Plan accounts for financial uncertainty and declining demand in the event of circumstances outside the Debtor's control, it provides self-contained means of further reorganization to ensure creditors receive no less than they would receive if the Debtor were liquidated. Specifically, the Plan has self-executing default provisions—subject to adjustments by the Court—which provide an alternate means of paying creditors no less than Liquidation Value.

However, Subchapter V plans of reorganization do not require acceptance by any impaired classes of claims and interests if certain conditions are met. Bankruptcy Code section 1191(b) provides that if a Subchapter V plan of reorganization meets the applicable requirements set forth in Bankruptcy Code 1129(a)—other than those set forth in Bankruptcy Code sections 1129(a)(8), (10), & (15)—then "the court, on request of the debtor, *shall* confirm the plan . . . if

the plan does not discriminate unfairly, and is *fair and equitable*, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b) (emphasis added).

The Debtor anticipates at least one impaired class of claims or interests will vote to confirm the Plan. Out of an abundance of caution, the Debtor requests the Plan be confirmed pursuant to Bankruptcy Code section 1191(b) if no impaired class of claims or interests votes to confirm the Plan. The Debtor respectfully submits that acceptance by impaired classes of claims and interests is not necessary, as the Plan is "fair and equitable" under Bankruptcy Code section 1191.

Bankruptcy Code section 1191(c) provides a non-exhaustive list of requirements which must be met for a Subchapter V plan to be considered "fair and equitable," and therefore subject to confirmation without approval by any impaired classes of claims or interests. *See generally* 11 U.S.C. § 1191(c).

To be considered "fair and equitable," a Subchapter V plan of reorganization must meet Bankruptcy Code section 1129(b)(2)(A)'s requirements as to all classes of secured claims. 11 U.S.C. § 1191(c)(1). The Plan meets Bankruptcy Code section 1129(b)(2)(A)'s requirements.

Bankruptcy Code section 1129(b)(2)(A) requires that a plan of reorganization let secured creditors: (i) retain the entirety of their liens upon the property securing their claim, together with receive deferred cash payments totaling the value—as of such plan's effective date ("**Effective Date**")—of their interest in the property securing their claim; or (ii) receive the indubitable equivalent of the foregoing. 11 U.S.C. § 1129(b)(2)(A). The Plan allows secured creditors to retain their liens and receive deferred cash payments totaling the value—as of the Effective Date—of their interest in the property securing their claims, plus interest, and therefore meets Bankruptcy Code section 1129(b)(2)(A)'s requirements to be "fair and equitable."

To be considered "fair and equitable," a Subchapter V plan of reorganization must provide, as of the Effective Date, that all of the Debtor's PDI for the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the Plan, will be applied to make payments under the Plan. 11 U.S.C. § 1191(c)(2)(A). Alternatively, "fair and equitable" Subchapter V plans of reorganization may distribute property thereunder of a value not less than PDI over the period described in Bankruptcy Code section 1191(c)(2)(A). 11 U.S.C. § 1191(c)(2)(B).

The Financial Projections show that, as of the Effective Date, all PDI for the Relevant Income Period will be applied to make payments under the Plan.

A Subchapter V plan of reorganization cannot be considered "fair and equitable" unless "there is a reasonable likelihood that the debtor will be able to make all payments under the plan" and "the plan provides appropriate remedies . . . to protect the holders of claims or interests in the event that the payments are not made." 11 U.S.C. § 1191(c)(3).

The Financial Projections show the Debtor will be able to make all payments under the Plan. By including self-executing default provisions which provide an alternate means for paying creditors no less than they would receive if the Debtor was liquidated, the Plan also provides

appropriate remedies in the event payments are not made.

Bankruptcy Code section 1192 provides, in pertinent part, that discharge of the Debtor's debts may not occur prior to "completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix." 11 U.S.C. § 1192. Accordingly, all holders of allowed general unsecured claims ("**General Unsecured Creditors**") will retain their rights to collect against the Debtor's assets if the Debtor defaults under the Plan during the Relevant Income Period.

The final Plan payment to General Unsecured Creditors is expected to be paid no later than the final day of the Relevant Income Period.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

The Plan proposes to pay creditors of the Debtor from its income. The Debtor, as reorganized pursuant to this Plan, is hereafter referred to as the "Reorganized Debtor" in this Bankruptcy Case (the "**Reorganized Case**").

This Plan provides for:       1 class of non-priority unsecured claims;

38 classes of secured creditors;

1 class of general unsecured creditors; and

1 class of equity security holders.

All creditors should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** ..................... | All allowed claims entitled to priority under Bankruptcy Code section 507(a) (except administrative expense claims under Bankruptcy Code section 507(a)(2) and priority tax claims under Bankruptcy Code section 507(a)(8)). |
| 2.02 | **Class 2** ..................... | The claim of BMO Harris Bank N.A. ("**BMO**"), pertaining to one (1) 2012 FT Model M2 112 6x4 Flatbed Truck w/ Conveyor and with s/n ending 0123, together with one (1) 2011 Cleasby Model FBR-6-40 with s/n ending 6833 and one (1) 2012 Freightliner Model MM112064S s/n ending 0123("**BMO Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |

| | | |
|---|---|---|
| 2.03 | **Class 3**............... | The claim of Kapitus Servicing, Inc. ("**Kapitus**"), pertaining to substantially all the Debtor's assets, to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.04 | **Class 4** ..................... | The claim of Alliance Funding Group ("**Alliance**") pertaining to the 2009 Freightliner CL 120 Columbia Day Cab Truck Tractor (serial # 1FUJA6CK09DAH7241) ("**First Alliance Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.05 | **Class 5** ..................... | The claim of Alliance pertaining to the 2019 Merlo 50.18 TH ("**Second Alliance Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.06 | **Class 6** ..................... | The claim of Alliance pertaining to the 2006 Moffett M55.2 (serial # F400218); the 2007 Moffett M55.4 (serial # G170488); and the 2005 M5500P (serial # EO70347) ("**Third Alliance Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.07 | **Class 7** ..................... | The claim of Pawnee Leasing Corporation ("**Pawnee**"), pertaining to (1) 2004 Moffett M80000BC Forklift (Serial # D500517); and (8) 2023 d-200-HD-NB Sell Dumping Hopper 8 gauge 2 cubic ("**Pawnee Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.08 | **Class 8** ..................... | The claim of Midland States Bank ("**Midland**"), pertaining to (1) 2022 Merlo Roto 50.35 S Plus Rotating Telehandler ("**Midland Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.09 | **Class 9** ..................... | The claim of First Citizens Bank & Trust Company ("**FC**"), pertaining to (1) 2016 Freightliner Cascadia 125 6x4 Day Cab Truck Tractor (S# 3AKJGED56GSHA8034); (1) 2016 Freightliner X12564ST 6x4 T/A Day Cab Truck Tractor Engine Number 472906S0372535 (S# 3AKJGED51GDHM2214); (1) 2016 Freightliner Cascadia 125 6x4 Day Cab Truck Tractor (S# 1FUJGED56GLGP7089); 2016 Freightliner Cascadia 125 6x4 Day Cab Truck Tractor (S# 1FUJGED56GLGP7086); (1) 2016 Freightliner X12564ST 6x4 T/A Day Cab Truck Tractor Engine Number 472906S0302379 (S# 1FUJGED53GLGP7082); and (1) 2007 Freightliner Columbia CL120 6x4 T/A Day Cab Truck Tractor (S# 1FUJA6CK67LX85997) ("**First FC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.10 | **Class 10** ..................... | The claim of FC, pertaining to (1) 2018 Freightliner Tandem Axle Cascadia Day Cab Truck Tractor (SN 1FUJGEFG1JLJV9412) ("**Second FC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |

| | | |
|---|---|---|
| 2.11 | **Class 11** .................. | The claim of Dakota Financial, LLC ("**Dakota**"), pertaining to (1) 2012 Merlo P50.18HM Telehandler (SN ZF1P1010C2505680); and (1) 2007 Moffett M55.4P Forklift (SN G270048) ("**First Dakota Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.12 | **Class 12** .................. | The claim of Dakota, pertaining to (1) 2016 Magni RTH.25S 11000 lb. 4x4 Telescopic Forklift (SN 00000841) ("**Second Dakota Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.13 | **Class 13** .................. | The claim of Mitsubishi HC Capital America, Inc. ("**Mitsubishi**"), pertaining to (1) 2021 Moffett - M50 - Truck Mounted Forklift (SN U451475C) ("**Mitsubishi Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.14 | **Class 14** .................. | The claim of Lake Michigan Credit Union ("**LMCU**"), pertaining to the Money loaned: Purchase principal 1 ($32,059.51) ("**LMCU Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.15 | **Class 15** .................. | The claim of Financial Pacific Leasing, Inc. ("**FinPac**"), pertaining to (1) 2013 Moffett M55P 5500 LB Piggy Back Forklift (SN M460226) ("**First FinPac Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.16 | **Class 16** .................. | The claim of Financial Pacific Leasing, Inc. pertaining to (1) 2014 SkyTrak 8042 and (1) 2008 Moffett M55 Forklift (the "**Second FinPac Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.17 | **Class 17** .................. | The claim of FC, pertaining to (1) 2011 Moffett M55, 4P Forklift (SN K320128); and (1) 2007 Wilson ACF-300SS Flatbed Trailer (SN 4WWGHB6B27M612813) ("**Third FC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.18 | **Class 18** .................. | The claim of U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance ("**U.S. Bank**"), pertaining to 2014 Skytrac GA 8K, 2014 JLG 10K GA, 2014 JLG 8042 246, 2015 JLG 8042 498, 2020 East 48' AL Flatbed 104, 2008 Reitnouer 48' AL Flatbed 418, 2008 Mac 48' AL Flat Bed 589, and 2022 Transcraft 48' Combo 339 ("**U.S. Bank Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.19 | **Class 19** .................. | The claim of FinPac, pertaining to (1) 2023 Freightliner Columbia T/A Day Cab Truck Tractor (SN 1FUJA6CG63LG12070); and (1) 2020 Dorsey New Alum Trailer (SN 5JYAF5329LED18238) ("**Third FinPac Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |

| | | |
|---|---|---|
| 2.20 | **Class 20** .................. | The claim of Sheffield Financial, a division of Truist Bank ("**Sheffield**"), pertaining to (1) 2023 Continental Cargo Enclosed Trailer (VIN 5NHUNS42XPU142690) ("**Sheffield Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.21 | **Class 21** .................. | The claim of North Mill Credit Trust ("**North Mill**"), pertaining to (1) 2018 Merlo P50.18 HM Rough Terrain Lift Truck (SN ZF1P101D1C8003791) ("**North Mill Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.22 | **Class 22** .................. | The claim of Marlin Leasing Corporation ("**Marlin**"), pertaining to (1) 2008 Mac 48ft T/A Spread Axle Flatbed Trailer (SN 5MAPA48288A014767); and (1) 2002 Reitnouer 47 ft T/A Spread Axle Flatbed Trailer (SN 1RNF48A262R008600) ("**Marlin Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506.3 |
| 2.23 | **Class 23** .................. | The claim of Commercial Capital Company, L.L.C. ("**CCC**"), pertaining to (1) 2000 Raven 53x102 Flatbed Trailer (VIN 1R1F7532XKY500241); (1) 2019 Freightliner Cascadia (VIN 1FUJGEDR4KLKR8830); (1) 2017 Wilson AF108SS Aluminum 53x102 Flatbed Trailer (VIN 4WW5532A7H6625629); (1) 2017 Wilson AF108SS Aluminum 53x102 Flatbed Trailer (VIN 4WW5532A3h6625627); (1) 2006 Wilson 48x102 Flatbed Trailer (VIN 4WWBGB6B46N609983); and (1) 2007 Utility 48x102 Flatbed Trailer (VIN 1UYFS24897A995304) ("**First CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.24 | **Class 24** .................. | The claim of CCC, pertaining to (1) 2021 Ram 3500 Truck (VIN 3C63R3GL7MG625069) ("**Second CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.25 | **Class 25** .................. | The claim of CCC, pertaining to (1) 2017 Magni TH6.20-D/C Telehandler (SN 00001099) ("**Third CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.26 | **Class 26** .................. | The claim of CCC, pertaining to the (1) 2011 Globe Tri-Axel 55 Ton Lowboy Trailer (VIN 1G9BN5339BB336773) ("**Fourth CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.27 | **Class 27** .................. | The claim of CCC, pertaining to (1) 2007 Reitnouer 48" Aluminum Flatbed Trailer (VIN 1RNF48A247R018999); (1) 2018 Covered Wagon Cargo Trailer (SN 39321); and (1) 2020 Vanguard 48" Aluminum Flatbed Trailer (VIN 5V8FY48A7LM014740) ("**Fifth CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |

| | | |
|---|---|---|
| 2.28 | **Class 28** ............... | The claim of CCC, pertaining to (1) 2020 Freightliner Cascadia (VIN 1FUJHLDR5LLLC4107) ("**Sixth CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.29 | **Class 29** ............... | The claim of CCC, pertaining to the (1) 2015 Freightliner Cascadia 113 (VIN 3AKJGBDV7FSGG7054); (1) 2015 Freightliner Cascadia 125 (VIN 3AKJGBDV5FSGB7254); (1) 2015 Freightliner Cascadia 125 (VIN 3AKJGBDV9FSGB6902); and (1) 2017 Kalmar Ottawa Truck (SN 345797) ("**Seventh CCC Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.30 | **Class 30** ............... | The claim of Stearns Bank ("**Stearns**"), pertaining to (1) 2005 Moffett M5500 Forklift (SN 530407); (1) 2019 Dorsey Trailer (VIN 5JYDF5329KED14217); (1) L3 MEP Generator (SN HX64517); and (1) 2008 Hyster H360HD Forklift (SN HX64517) ("**Stearns Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.31 | **Class 31** ............... | The claim of Channel Partners Capital, LLC ("**Channel**"), pertaining to the (1) Trailer 1992 (SN 1W1BCH6C6NK216257); and (1) WIT 1997 Trailer (SN 1W8A11D28VS000334) ("**Channel Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.32 | **Class 32** ............... | The claim of Pearl Capital Business Funding LLC ("**Pearl**"), pertaining to the Merchant agreement (purchase price $86,029); and future receivables ("**Pearl Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.33 | **Class 33** ............... | The claim of Maxim Commercial Capital ("**Maxim**"), pertaining to the 2015 Freightliner Cascadia CA113DC and 2012 Volvo VNL 300 64T ("**Maxim Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.34 | **Class 34** ............... | The claim of Amur Equipment Finance ("**Amur**"), pertaining to two 2021 Dosey AF53s, a Caterpillar 262 Skid Steer, Kubota Skid Steer Grapple, 2018 Cat A19B, 60 Inch Skid Loader, 2020 Cat FKSSSL_48, 2018 CAT BIT9, and a Bradco MM60 Skid Steer Mulcher ("**Amur Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.35 | **Class 35** ............... | The claim of Travis Patterson ("**Patterson**"), pertaining to the 2012 Cascadia 307 with SN ending 0307 ("**Patterson Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.36 | **Class 36** ............... | The claim of De Lage Financial Solutions ("**De Lage**"), pertaining to the 2019 Merlo 65.14 ("**De Lage Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |

| | | |
|---|---|---|
| 2.37 | **Class 37** ................... | The claim of Ascentium Capital ("**Ascentium**"), pertaining to the 2007 Moffett #7 5500P and 2007 Reitnauer AL 53' TX 455 ("**Ascentium Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.38 | **Class 38** ................... | The claim of the United States Small Business Administration ("**SBA**"), pertaining to substantially all of the Debtor's assets ("**SBA Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.39 | **Class 39** ................... | The claim of Signature Financial LLC ("**SIGF**"), pertaining to the 2024 Dorsey 3DD Combo 996, 2024 Dorsey DD Combo 997, 2024 Dorsey DD Combo 998, 2024 Dorsey DD Combo 999, 2024 Dorsey DD Combo 000, and 2024 Dorsey DD Combo 001 ("**SIGF Collateral**"), to the extent allowed as a secured claim under Bankruptcy Code section 506. |
| 2.40 | **Class 40** ................... | All non-priority unsecured claims allowed under Bankruptcy Code section 502. |
| 2.41 | **Class 41** ................... | All equity security interests in the Debtors. |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under Bankruptcy Code section 1123(a)(1), administrative expense claims and priority tax claims need not be classified. Instead, the treatment of such claims are provided for in this Article 3 of the Plan. |
| 3.02 | **Administrative expense claims** | Pursuant to Bankruptcy Code section 1191(e), each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid through the Plan within 30 days of the Effective Date. The Debtor anticipates administrative expenses totaling approximately $70,000.00. |
| 3.03 | **Priority Tax Claims** | The Debtor intends to satisfy all priority tax claims on the Effective Date. The Internal Revenue Service ("IRS") timely filed Proof of Claim No. 28, asserting a priority tax claim totaling $15,677.30. The Debtor intends to file an objection to the IRS's proof of claim, and shall pay the IRS any amounts allowed by the Court and authorized by Bankruptcy Code section 507(a)(8) within sixty (60) days after a final on the Debtor's objection. |

| 3.04 **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid timely as they come due; provided, however, that there are no statutory fees due pursuant to 28 U.S.C. § 1930(a)(6)(A) as this is a case under Subchapter V. |
| --- | --- |

 **Article 4: Treatment of Claims and Interests Under this Plan**

4.01    **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1** - All allowed claims entitled to priority under Bankruptcy Code section 507(a) (except administrative expense claims under Bankruptcy Code section 507(a)(2) and priority tax claims under Bankruptcy Code section 507(a)(8)). | [ ] Impaired<br>[ X ] Unimpaired | This Class consists of all allowed claims entitled to priority under Bankruptcy Code section 507(a) (except administrative expense claims under Bankruptcy Code section 507(a)(2) and priority tax claims under Bankruptcy Code section 507(a)(8)).<br><br>Each holder of a Class 1 Priority Claim will be paid in full, in cash, on account of such Class 1 Priority Claim on the later of one hundred twenty (120) days after the Effective Date of this Plan or the date on which such claim is allowed by a final non-appealable order, or on such other terms as may be agreed on by the holder of the claim and the Debtor. The Debtor is unaware of any allowed Class 1 Priority Claims.<br><br>This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 2** – BMO | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of the claim of BMO, to the extent allowed as a secured claim under Bankruptcy Code section 506. BMO filed Proof of Claim No. 1, asserting a claim totaling $21,557.60, fully secured by the BMO Collateral.<br><br>Unless this Class agrees to lesser treatment on account of its claim, BMO shall be entitled to receive $21,557.60, less adequate protection payments received by BMO. Class 2 claims shall be payable over 30 months in monthly installments of principal and interest at the rate of 12.40% per annum, commencing on the Effective |

| | | Date and continuing thereafter until Class 2 is paid in full. |
| | | |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. Holders of Class 2 claims shall not impose any penalty for prepayment thereof. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all monthly payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 3** – Kapitus | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of the claim of Kapitus, to the extent allowed as a secured claim under Bankruptcy Code section 506. Kapitus filed Proof of Claim No. 2, asserting a claim totaling $118,866.43, fully secured by the Kapitus Collateral. |
| | | |
| | | The Debtor intends to object to the claim listed in this Class. Unless this Class agrees to lesser treatment on account of its claim, allowed Class 3 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 3 is paid in full. |

| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 4** – Alliance (as to First Alliance Collateral) | [  ] Impaired<br>[ X ] Unimpaired | This Class consists of a claim of Alliance, to the extent allowed as a secured claim under Bankruptcy Code section 506. Alliance filed Proof of Claim No. 3, asserting a claim totaling $18,723.66, of which $8,000.00 (the "**First Alliance Secured Amount**") is secured by the First Alliance Collateral, and $53,213.82 (the "**First Alliance Unsecured Amount**") is unsecured. |
| | | |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the First Alliance Collateral to Alliance in full satisfaction of the First Alliance Secured Amount, and the First Alliance Unsecured Amount shall be a Class 40 claim. |
| | | |
| | | Until the First Alliance Secured Amount has been paid in full, or the collateral surrendered as provided |

| | | herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 5** – Alliance (as to Second Alliance Collateral) | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of Alliance, to the extent allowed as a secured claim under Bankruptcy Code section 506. Alliance filed Proof of Claim No. 4, asserting a claim totaling $138,213.82, of which $85,000.00 (the "**Second Alliance Secured Amount**") is secured by the Second Alliance Collateral, and $53,213.82 (the "**Second Alliance Unsecured Amount**") is unsecured. |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive the Second Alliance Secured Amount over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 5 is paid in full. The Second Alliance Unsecured Amount shall be a Class 40 Claim. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be |

| | | required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 6** – Alliance (as to Third Alliance Collateral) | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of a claim of Alliance, to the extent allowed as a secured claim under Bankruptcy Code section 506. Alliance filed Proof of Claim No. 5, asserting a claim totaling $125,007.38, of which $65,000.00 is secured by the Third Alliance Collateral (the "**Third Alliance Secured Amount**"), and $60,007.38 (the "**Third Alliance Unsecured Amount**") is unsecured. |
| | | |
| | | Unless this Class agrees to lesser treatment on account of its claim, in full satisfaction of the Third Alliance Secured Amount, the Debtor shall surrender all of the Third Alliance Collateral except for the 2005 M5500P (serial # EO70347), and Alliance shall be entitled to receive $18,000.00, less adequate protection payments received by Alliance on account of such collateral. Class 6 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until Class 6 is paid in full. Except as modified herein, the terms and conditions of the Equipment Finance Agreement entered between Alliance and the Debtor are |

expressly incorporated into the treatment of this Class.

The Third Alliance Unsecured Amount shall be a Class 40 Claim.

Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.

The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI.

This Class is impaired by this Plan, and is entitled to vote on this Plan.

| | | |
|---|---|---|
| **Class 7** – Pawnee | [  ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of Pawnee, to the extent allowed as a secured claim under Bankruptcy Code section 506. Pawnee filed Proof of Claim No. 10, asserting a claim totaling $37,144.04, fully secured by the Pawnee Collateral.<br><br>The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Pawnee Collateral to Pawnee in full satisfaction of this claim.<br><br>Until the collateral has been surrendered as provided herein, this Class shall have a perfected post- |

| | | |
|---|---|---|
| | | confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 8** – Midland | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of Midland, to the extent allowed as a secured claim under Bankruptcy Code section 506. Midland filed Proof of Claim No. 11, asserting a claim totaling $443,742.87. |
| | | Unless this Class agrees to lesser treatment on account of its claim, Midland shall have a $400,000.00 secured claim payable over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 8 is paid in full. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |

| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
|---|---|---|
| **Class 9** – FC (as to First FC Collateral) | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of a claim of FC, to the extent allowed as a secured claim under Bankruptcy Code section 506. First Citizens filed Proof of Claim No. 12, asserting a claim totaling $155,255.23, fully secured by the First FC Collateral.<br><br>Alliance shall be entitled to receive $150,000.00 in full satisfaction of its claims under Class 9, 10, and 17. Such claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 7.00% per annum, commencing on the Effective Date and continuing thereafter until such claims are paid in full.<br><br>Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.<br><br>The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI.<br><br>This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 10** – FC (as to Second FC Collateral) | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of a claim of First Citizens, to the extent allowed as a secured claim under Bankruptcy Code |

| | | section 506. First Citizens filed Proof of Claim No. 13, asserting a claim totaling $63,297.52, fully secured by the Second FC Collateral. |
| --- | --- | --- |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall be treated as part of Class 9. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 11** – Dakota (as to the First Dakota Collateral) | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of a claim of Dakota, to the extent allowed as a secured claim under Bankruptcy Code section 506. Dakota filed Proof of Claim No. 14, asserting a claim totaling $14,365.70, fully secured by the First Dakota Collateral. |
| | | Unless Class 11 agrees to lesser treatment on account of its claim, Class 11 shall receive $14,365.70 over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the |

Effective Date and continuing thereafter until paid in full.

Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.

The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI.

This Class is impaired by this Plan, and is entitled to vote on this Plan.

| | | |
|---|---|---|
| **Class 12** – Dakota (as to Second Dakota Collateral) | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of a claim of Dakota, to the extent allowed as a secured claim under Bankruptcy Code section 506. Dakota filed Proof of Claim No. 15, asserting a claim totaling $35,189.00, fully secured by the Second Dakota Collateral.<br><br>Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive $35,189.00over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 12 is paid in full.<br><br>Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim |

| | | |
|---|---|---|
| | | to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 13** – Mitsubishi | [ X ] Impaired [   ] Unimpaired | This Class consists of the claim of Mitsubishi, to the extent allowed as a secured claim under Bankruptcy Code section 506. Mitsubishi filed Proof of Claim No. 17, asserting a claim totaling $80,459.01, of which $43,370.00 (the "**Mitsubishi Secured Amount**") is secured by the Mitsubishi Collateral, and $37,089.01 (the "**Mitsubishi Unsecured Amount**") is unsecured. |
| | | Unless this Class agrees to lesser treatment on account of its claim, Mitsubishi shall have a secured claim totaling the Mitsubishi Secured Amount, less adequate protection payments received by Mitsubishi on account of such collateral. Class 13 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 9.50% per annum, commencing on the Effective Date and continuing thereafter until Class 13 is paid in full. Additionally, Mitsubishi shall have a Class 40 claim totaling the Mitsubishi Unsecured Amount. |

| | | |
|---|---|---|
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 14** – LMCU | [   ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of LMCU, to the extent allowed as a secured claim under Bankruptcy Code section 506. LMCU filed Proof of Claim No. 18, asserting a claim totaling $32,059.51, fully secured by the LMCU Collateral.<br><br>The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the LMCU Collateral to LMCU in full satisfaction of this claim.<br><br>Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |

| | | This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. | |
|---|---|---|---|
| **Class 15** – FinPac (as to First FinPac Collateral) | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of a claim of FinPac, to the extent allowed as a secured claim under Bankruptcy Code section 506. Financial Pacific filed Proof of Claim No. 19, asserting a claim totaling $11,751.23, fully secured by First FinPac Collateral.<br><br>FinPac shall be entitled to receive $8,000.00, less adequate protection payments received by FinPac on account of such collateral. Class 15 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until Class 15 is paid in full.<br><br>Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.<br><br>The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI.<br><br>This Class is impaired by this Plan, and is entitled to vote on this Plan. | **Class 15** – FINPA |
| **Class 16** – FinPac (as to Second FinPac Collateral) | [ ] Impaired<br>[ X ] Unimpaired | This Class consists of a claim of FinPac, to the extent allowed as a | |

| | | secured claim under Bankruptcy Code section 506. Financial Pacific filed Proof of Claim No. 20, asserting a claim totaling $93,829.30, fully secured by the Second FinPac Collateral. |
| --- | --- | --- |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Second FinPac Collateral to FinPac in full satisfaction of this claim. |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 17** – FC (as to Third FC Collateral) | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of FC, to the extent allowed as a secured claim under Bankruptcy Code section 506. First Citizens filed Proof of Claim No. 24, asserting a claim totaling $60,440.25, fully secured by the Third FC Collateral. |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall be treated as part of Class 9. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition |

| | | lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 18** – U.S. Bank | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of U.S. Bank, to the extent allowed as a secured claim under Bankruptcy Code section 506. U.S. Bank filed Proof of Claim No. 25, asserting a claim totaling $372,950.07, of which $217,600.00 (the "**U.S. Bank Secured Amount**") is secured by the U.S. Bank Collateral, and $155,350.07 (the "**U.S. Bank Unsecured Amount**") is unsecured. |
| | | |
| | | Unless this Class agrees to lesser treatment on account of its claim, in full satisfaction of the U.S. Bank Secured Amount, the Debtor shall surrender all of the U.S. Bank Collateral except for the 2022 Transcraft 48' Combo 339, and U.S. Bank shall be entitled to receive $25,000.00, payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until the U.S. Bank Secured Amount is paid in full. |
| | | |
| | | U.S. Bank shall have a Class 40 claim totaling the U.S. Bank Unsecured Amount. |

| | | Until this Class has been paid in full, and the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 19** – FinPac (as to Third FinPac Collateral) | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of FinPac, to the extent allowed as a secured claim under Bankruptcy Code section 506. Financial Pacific filed Proof of Claim No. 26, asserting a claim totaling $29,360.62, fully secured by the Third FinPac Collateral. |
| | | |
| | | FinPac shall be entitled to receive $26,000.00, less adequate protection payments received by FinPac on account of such collateral. Class 19 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until Class 19 is paid in full. |
| | | |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim |

| | | |
|---|---|---|
| | | to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 20** – Sheffield | [    ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of Sheffield, to the extent allowed as a secured claim under Bankruptcy Code section 506. Sheffield filed Proof of Claim No. 27, asserting a claim totaling $8,914.28, of which $8,913.28 (the "**Sheffield Secured Amount**") is secured by the Sheffield Collateral, and $1.00 (the "**Sheffield Unsecured Amount**") is unsecured. |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Sheffield Collateral to Sheffield in full satisfaction of the Sheffield Secured Amount, and the Sheffield Unsecured Amount shall be a Class 40 claim. |
| | | Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be |

required under applicable non-bankruptcy law.

This Class is unimpaired by this Plan, and is not entitled to vote on this Plan.

| | | |
|---|---|---|
| **Class 21** – North Mill | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of North Mill, to the extent allowed as a secured claim under Bankruptcy Code section 506. North Mill filed Proof of Claim No. 29, asserting a claim totaling $112,290.68, fully secured by the North Mill Collateral.<br><br>Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive $63,000.00 over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 21 is paid in full. North Mill shall also have a Class 40 claim totaling $49,290.68.<br><br>Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.<br><br>The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI.<br><br>This Class is impaired by this Plan, and is entitled to vote on this Plan. |

| | | |
|---|---|---|
| **Class 22** – Marlin | [   ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of Marlin, to the extent allowed as a secured claim under Bankruptcy Code section 506. Marlin filed Proof of Claim No. 30, asserting a claim totaling $29,199.66, of which $23,250.00 (the "**Marlin Secured Amount**") is secured by the Marlin Collateral, and $5,949.66 (the "**Marlin Unsecured Amount**").<br><br>The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Marlin Collateral to Marlin in full satisfaction of the Marlin Secured Amount, and the Marlin Unsecured Amount shall be a Class 40 claim.<br><br>Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.<br><br>This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 23** – CCC (as to First CCC Collateral) | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 32, asserting a claim totaling $152,100.00, fully secured by the First CCC Collateral.<br><br>Unless this Class agrees to lesser treatment on account of its claim, in full satisfaction of this claim, the Debtor shall surrender all of the First |

| | | CCC Collateral except for the 2017 Wilson AF108SS Aluminum 53x102 Flatbed Trailer (VIN 4WW5532A7H6625629); (1) 2017 Wilson AF108SS Aluminum 53x102 Flatbed Trailer (VIN 4WW5532A3h6625627), and CCC shall be entitled to receive $50,000.00, payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter untilpaid in full. |
| | | |
| | | Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 24** – CCC (as to the Second CCC Collateral) | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 33, asserting a claim totaling $68,350.00, fully secured by the Second CCC Collateral. |

| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Second CCC Collateral to CCC in full satisfaction of this claim. |
| --- | --- | --- |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is entitled to vote on this Plan. |
| **Class 25** – CCC (as to the Third CCC Collateral) | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 34, asserting a claim totaling $45,510.00, fully secured by the Third CCC Collateral. |
| | | CCC shall be entitled to receive $45,510.00 over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until Class 25 is paid in full. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |

| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 26** – CCC (as to Fourth CCC Collateral) | [ ] Impaired<br>[ X ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 35, asserting a claim totaling $39,737.05, fully secured by the Fourth CCC Collateral. |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Fourth CCC Collateral to CCC in full satisfaction of this claim. |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is entitled to vote on this Plan. |
| **Class 27** – CCC (as to the Fifth CCC Collateral) | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 36, asserting a claim totaling $67,384.10, fully secured by the Fifth CCC Collateral. |

| | | Unless the Debtor shall surrender all of the Fifth CCC Collateral except for the 2018 Covered Wagon Cargo Trailer (SN 39321), and CCC shall be entitled to receive $35,000.00, payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until paid in full. |
| --- | --- | --- |
| | | Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 28** – CCC (as to the Sixth CCC Collateral) | [ ] Impaired<br>[ X ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 37, asserting a claim totaling $81,710.00, fully secured by the Sixth CCC Collateral. |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Sixth CCC |

| | | Collateral to CCC in full satisfaction of this claim. |
| | | |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | This Class is unimpaired by this Plan, and is entitled to vote on this Plan. |
| **Class 29** – CCC (as to the Seventh CCC Collateral) | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of CCC, to the extent allowed as a secured claim under Bankruptcy Code section 506. CCC filed Proof of Claim No. 38, asserting a claim totaling $141,720.00, fully secured by the Seventh CCC Collateral. |
| | | |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive $141,720.00 over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until paid in full. |
| | | |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |

| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 30** – Stearns | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of the claim of Stearns, to the extent allowed as a secured claim under Bankruptcy Code section 506. Stearns filed Proof of Claim No. 39, asserting a claim totaling $40,089.59, fully secured by the Stearns Collateral. |
| | | In full satisfaction of its claim, Class 30 shall receive $30,000.00, payable over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until paid in full. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |

| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
|---|---|---|
| **Class 31** – Channel | [   ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of Channel, to the extent allowed as a secured claim under Bankruptcy Code section 506. Channel filed Proof of Claim No. 40, asserting a claim totaling $123,731.68, of which $73,994.00 (the "**Channel Secured Amount**") is secured by the Channel Collateral, and $49,737.68 (the "**Channel Unsecured Amount**") is unsecured.<br><br>The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Channel Collateral to Channel in full satisfaction of the Channel Secured Amount, and the Channel Unsecured Amount shall be a Class 40 claim.<br><br>Until this Class has been paid in full, and the collateral surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.<br><br>This Class is unimpaired by this Plan, and is entitled to vote on this Plan. |
| **Class 32** – Pearl | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of the claim of Pearl, to the extent allowed as a secured claim under Bankruptcy Code section 506. Pearl filed Proof of Claim No. 41, asserting a claim totaling $51,424.42, fully secured by the Pearl Collateral. |

| | | The Debtor intends to object to the claim listed in this Class. Unless this Class agrees to lesser treatment on account of its claim, allowed Class 32 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until Class 32 is paid in full. |
| | | |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 33** – Maxim | [ X ] Impaired<br>[ ] Unimpaired | This Class consists of the claim of Maxim, to the extent allowed as a secured claim under Bankruptcy Code section 506. Maxim holds a scheduled claim in an unknown amount, secured by the Maxim Collateral. |
| | | |
| | | Maxim shall be entitled to receive $12,250.00. Class 33 claims shall be payable over 36 months in monthly installments of principal and interest at the rate of 8.00% per annum, commencing on the Effective Date and |

| | | continuing thereafter until Class 33 is paid in full. |
| --- | --- | --- |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 34** – Amur | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of Amur, to the extent allowed as a secured claim under Bankruptcy Code section 506. Amur holds a scheduled claim totaling $57,796.26, secured by the Amur Collateral. |
| | | Unless this Class agrees to lesser treatment on account of its claim, in full satisfaction of said claim, the Debtor shall surrender the Bradco MM60 Skid Steer Mulcher, and Amur shall be entitled to receive $48,000.00. Class 34 claims shall be payable over 60 months in monthly installments of principal and interest at the rate of 6.00% per annum, commencing on the Effective Date and continuing thereafter until Class 34 is paid in full. |

| | | |
|---|---|---|
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 35** – Patterson | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of Patterson, to the extent allowed as a secured claim under Bankruptcy Code section 506. Patterson holds a scheduled claim totaling $25,000.00, secured by the Patterson Collateral. |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive $11,000.00 over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until paid in full. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute |

| | | any document as may otherwise be required under applicable non-bankruptcy law. |
| --- | --- | --- |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 36** – De Lage | [   ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of De Lage, to the extent allowed as a secured claim under Bankruptcy Code section 506. De Lage holds a scheduled claim totaling an unknown amount, secured by the De Lage Collateral. |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the De Lage Collateral to De Lage in full satisfaction of this claim. |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is not entitled to vote on this Plan. |
| **Class 37** – Ascentium | [   ] Impaired<br>[ X ] Unimpaired | This Class consists of the claim of Ascentium, to the extent allowed as a secured claim under Bankruptcy Code section 506. Ascentium holds a |

| | | scheduled claim totaling $58,528.00, secured by the Ascentium Collateral. |
| --- | --- | --- |
| | | The Debtor surrendered, or will surrender within thirty (30) days of the Effective Date, the Ascentium Collateral to Ascentium in full satisfaction of this claim. |
| | | Until the collateral has been surrendered as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
| | | This Class is unimpaired by this Plan, and is entitled to vote on this Plan. |
| **Class 38** – SBA | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of a claim of the SBA, to the extent allowed as a secured claim under Bankruptcy Code section 506. The SBA is scheduled as holding a claim totaling $1,931,050.00, secured by the SBA Collateral. |
| | | Unless this Class agrees to lesser treatment on account of its claim, the loan agreement(s) for the claim underlying this Class shall be reinstated in accordance with the terms of the Confirmation Order. The Debtor shall make all payments as they become due under the applicable loan agreement along with interest at the contract rate set forth in such agreement. Any payment arrears that exist as of the Effective Date shall be paid by way of a lump sum payment on or before the sixty (60) month anniversary of the Effective Date. |

| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. |
|---|---|---|
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 39** – SIGF | [ X ] Impaired<br>[    ] Unimpaired | This Class consists of the claim of SIGF, to the extent allowed as a secured claim under Bankruptcy Code section 506. SIGF holds a scheduled claim totaling $210,000.00, secured by the SIGF Collateral. |
| | | Unless this Class agrees to lesser treatment on account of its claim, this Class shall receive $210,000.00 over 60 months in monthly installments of principal and interest at the rate of 6% per annum, commencing on the Effective Date and continuing thereafter until paid in full. |
| | | Until this Class has been paid in full as provided herein, this Class shall have a perfected post-confirmation lien against the collateral securing its claim to the same extent and with the same validity and priority as its pre-petition lien without the need to file or execute any document as may otherwise be |

| | | required under applicable non-bankruptcy law. |
| | | |
| | | The collateral securing the claim underlying this Class necessary for the continuation, preservation, and operation of the Debtor's business, so all payments made upon this Class shall be deemed to correspondingly reduce the Debtor's PDI. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 40** – General Unsecured Claims | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of allowed General Unsecured Creditors, excluding any "equity security holders" under Bankruptcy Code section 101(17) ("**Equity Security Holders**"). |
| | | |
| | | Beginning on the first day of the fourth calendar month after the Effective Date, the Class shall receive a pro rata quarterly distribution collectively totaling the Debtor's PDI for the three (3) full calendar months immediately preceding such payment, after payment of administrative expense claims and priority tax claims. This Class shall be paid until their allowed claims are paid in full, or 30 days after the Relevant Income Period expires, whichever is earlier. |
| | | |
| | | This Class is impaired by this Plan, and is entitled to vote on this Plan. |
| **Class 41** – All Equity Security Holders | [ X ] Impaired<br>[   ] Unimpaired | This Class consists of Equity Security Holders. Mr. Broitzman is the sole Equity Security Holder. |
| | | |
| | | Equity Security Holders shall retain their interest in the Debtors. While all Equity Security Holders shall retain their interest in the Debtors, all claims which Equity Security Holders may |

assert against the Debtors shall not be
paid until allowed Class 8 claims are
paid in full.

This Class is impaired by this Plan,
and is entitled to vote on this Plan.

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claims** | A disputed claim is a claim that has not been allowed or disallowed by a non-appealable final order, and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Distribution on a Disputed Claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a non-appealable final order. |
| 5.03 | **Settlement of Disputed Claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with the Court's approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (each such rule a "**Bankruptcy Rule**" and, jointly and collectively, "**Bankruptcy Rules**"). |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed Contracts & Leases** | The Debtor shall assume the executory contracts and unexpired leases on the attached **Exhibit "C"**, and shall be deemed to have rejected all other executory contracts and unexpired leases. |

| 6.02 | **Cure Claims and Rejection Damage Claims** | Any lessor, lessee, or other party to an assumed contract asserting a cure claim in connection with the assumption of any unexpired lease or executory contract, as contemplated by Bankruptcy Code section 365(b), must file such cure claim with the Bankruptcy Court on or before the deadline to vote to accept or reject the Plan or such other deadline that is ordered by the Bankruptcy Court, asserting all alleged amounts accrued or alleged defaults through the Effective Date. Any lessor or other party to an executory contract or unexpired lease assumed by the Debtor failing to file a cure claim by such deadline shall be forever barred from asserting, collecting, or seeking to assert or collect any amounts or defaults relating thereto against the Debtor. The Debtor or the Reorganized Debtor, as applicable, shall have sixty (60) days from the Effective Date to file an objection to any cure claim. Any disputed cure claims shall be resolved either consensually or by the Bankruptcy Court. Except as may otherwise be agreed to by the parties, the Reorganized Debtor shall cure all undisputed cure claims within 180 days after the Effective Date. Except as may otherwise be agreed to by the parties, the Reorganized Debtor shall cure all disputed cure claims within 120 days after the entry of a final order determining the amount, if any, of the Debtor's liabilities with respect thereto. |
| | | A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. |

| | **Article 7: Means for Implementation of the Plan** |
| 7.01 | **Funding Source for Plan Payments** | Payments required under the Plan will be funded from revenues generated by continued operations. |
| 7.02 | **Distributions by Debtor** | All distributions under the Plan shall be made by the Debtor, whether the Plan is confirmed pursuant to Bankruptcy Code sections 1191(a) or (b). |
| 7.03 | **Unclaimed Distributions** | If the Holder of an Allowed Claim fails to negotiate a check for a Distribution issued to such Holder within 60 days of the date such check was issued, then the Reorganized Debtor shall provide written notice to such Holder stating that, unless such Holder negotiates such check within 30 days of the date of such notice, the amount of Cash attributable to such check shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such check, such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall |

not be entitled to participate in any further Distributions under the Plan in respect of such Claim.

If a check for a Distribution made pursuant to the Plan to any Holder of an Allowed Claim is returned to the Reorganized Debtor due to an incorrect or incomplete address for the Holder of such Allowed Claim, and no claim is made in writing to the Reorganized Debtor as to such check within 30 days of the date such Distribution was made, then the amount of Cash attributable to such check shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such check, such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall not be entitled to participate in any further Distributions under the Plan in respect of such Claim. Any unclaimed Distribution as described above shall revert to the Reorganized Debtor free of all claims.

| 7.04 | **Vesting of Assets** | On the Effective Date, except as otherwise expressly provided in this Plan or in the Bankruptcy Code, all assets of the Debtor's estate (including any causes of action) shall vest in the Reorganized Debtor, free and clear of all liens, debts, obligations, claims, cure claims, liabilities, encumbrances, and all other interests of every kind and nature, and the Confirmation Order shall so provide. |

| 7.05 | **Default** | In the event the holder of an allowed Class 1 claim declares the Debtor to be in default under the Plan, such claimant shall send a detailed letter or email to the Debtor, and to Debtor's counsel, after the receipt of which the Debtor shall, within Fourteen (14) days, either: (i) cure the alleged default; or (ii) file a motion with the Court to reopen the Case and determine whether the Debtor is in default. If—within Fourteen (14) days after receiving a default letter or email from a Class 1 claimant—the Debtor fails to either cure the default or file a motion with the Court to reopen the Case and determine whether the Debtor is in default, then the Class 1 claimant may: (i) file a motion with the Court to reopen the Case; and (ii) file an Affidavit of Default with the Court. Upon reopening the Case, and notwithstanding Bankruptcy Code section 1127(b)'s provisions, the Court may enter an order under Bankruptcy Code section 105(a) to modify the Plan, allow creditors to proceed against the Debtor's assets, or such other and further relief as the Court deems just and proper. |

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and Rules of Construction** | The definitions and rules of construction set forth in Bankruptcy Code sections 101 and 102 shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan. |
| 8.02 | **Effective Date** | The Effective Date shall be the 30th day following the date on which the Order Confirming the Plan is final and non-appealable. If neither an appeal, nor a motion for reconsideration are filed before 15 days after the Order Confirming the Plan is entered on the Court's docket, then the Effective Date shall be the 45th day following entry of the Order Confirming the Plan on the Court's docket, unless such day is a weekend or federal holiday, in which case the Effective Date shall advance to the next business day. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan or such other agreement, document, or instrument. |

| | | |
|---|---|---|
| 8.07 | **Corporate Governance** | To the extent prohibited by Bankruptcy Code section 1123(a)(6), the Debtor will not issue non-voting equity interests, and their applicable governing documents will be deemed to have been amended as of the Effective Date of the Plan to prohibit such issuance. |
| 8.08 | **Retention of Jurisdiction** | Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, until the Reorganization Case is closed, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction of the Reorganization Case that is permitted by applicable law, including any jurisdiction that is necessary or appropriate to ensure that the purposes and intent of the Plan are carried out. |
| 8.09 | **Management** | Mr. Broitzman shall continue to serve as President, CFO, and sole officer of the Debtor after confirmation of the Plan. Mr. Broitzman shall be compensated to the extent approved by an order granting the Debtor's First Amended Motion for Authority to Pay Affiliate Salary, Effective as of the Petition Date (Doc. No. 31), until all payments on account of Class 1 claims have been paid as provided in the Plan, at which time the Debtor may compensate Mr. Broitzman in the ordinary course of its business. |

**[Remainder of Page Intentionally Left Blank]**

## Article 9: Discharge and Special Tax Provisions

9.01 **Discharge**

If the Debtor's Plan is confirmed under Bankruptcy Code section 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Bankruptcy Code section 1141(d)(1)(A), except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in Bankruptcy Code section 1141(d)(6).

If the Debtor's Plan is confirmed under Bankruptcy Code section 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in Bankruptcy Code section 1192. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in Bankruptcy Code section 1192; or

(ii) excepted from discharge under Bankruptcy Code section 523(a), except as provided in Bankruptcy Rule 4007(c).

9.02 **Special Tax Provisions**

The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or similar tax. There shall be no tax under any law imposing a stamp tax or similar tax due on the recording or execution of any documents related to: (i) transferring real or personal property to or from the Debtor; or (ii) financing obtained by the first transferee of any property from the Debtor as provided under the Plan.

Specifically, but without limitation, there shall be no tax under any law imposing a stamp tax or similar tax due on the recording of any documents related to transferring property to or from the Debtor.

**Dated**: October 10, 2023

**BROIT BUILDERS, INC. D/B/A BROIT LIFTING**

By: */s/ Troy Broitzman*
TROY BROITZMAN
President

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Christian Garrett Haman attests that concurrence in the filing of this paper has been obtained.*

**Dated**: October 10, 2023

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Christian Garrett Haman*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com
JENNIFER M. DUFFY
Florida Bar No. 1028911
Email: jduffy@dallagolaw.com

*Counsel for Broit Builders, Inc d/b/a Broit Lifting, Debtor and Debtor in Possession*

# EXHIBIT A

**Broit Builders dba Broit Lifting**
**Plan Projections**
**Case 2:23-bk-00762**

| Claim | | | Payments under the Plan | Liquidation Value |
|---|---|---|---|---|
| | 1 | Class 2-BMO Harris Bank N.A. | 25,925.27 | 21,558 |
| | 2 | Class 3-Kapitus Servicing, Inc. | 137,881.27 | - |
| | 3 | Class 4-Alliance Funding Group | - | |
| | 4 | Class 5-Alliance Funding Group | 98,597.29 | 55,000 |
| | 5 | Class 6-Alliance Funding Group | 20,879.43 | 18,000 |
| | 10 | Class 7-Pawnee Leasing Corporation | - | |
| | 11 | Class 8-Midland States Bank | 463,987.24 | 200,000 |
| | 12 | Class 9-First Citizens Bank & Trust Company | 112,866.83 | 95,000 |
| | 13 | Class 10-First Citizens Bank & Trust Company | 41,582.52 | 35,000 |
| | 14 | Class 11-Dakota Financial, LLC | 16,663.75 | 14,366 |
| | 15 | Class 12-Dakota Financial, LLC | 40,818.12 | 25,000 |
| | 17 | Class 13-Engs/Mitsubishi HC Capital America, Inc. | 51,207.73 | 43,370 |
| | 18 | Class 14-Lake Michigan Credit Union | 37,188.01 | - |
| | 19 | Class 15-Financial Pacific Leasing, Inc. | 13,631.05 | 8,000 |
| | 20 | Class 16-Financial Pacific Leasing, Inc. | - | |
| | 24 | Class 17-First Citizens Bank & Trust Company | 23,761.44 | 20,000 |
| | 25 | Class 18-U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance | 28,999.20 | 30,500 |
| | 26 | Class 19-Financial Pacific Leasing, Inc. | 30,159.17 | 26,000 |
| | 27 | Class 20-Sheffield Financial, a Division of Truist Bank | - | |
| | 29 | Class 21-North Mill Credit Trust | 76,644.77 | 63,000 |
| | 30 | Class 22-Marlin Leasing Corporation | - | |
| | 32 | Class 23-Comerical Capital Company | 57,998.40 | 50,000 |
| | 33 | Class 24-Comerical Capital Company | - | |
| | 34 | Class 25-Comerical Capital Company | 52,790.15 | 10,000 |
| | 35 | Class 26-Comerical Capital Company | - | |
| | 36 | Class 27-Comerical Capital Company | 40,598.88 | 35,000 |
| | 37 | Class 28-Comerical Capital Company | - | |
| | 38 | Class 29-Comerical Capital Company | 164,390.68 | 60,000 |
| | 39 | Class 30-Stearns Bank | 34,799.04 | 30,000 |
| | 40 | Class 31-Channel Partners Capital, LLC | 85,830.68 | 26,000 |
| | 41 | Class 32-Pearl Capital Business Funding LLC | 59,650.69 | |
| Class 33 | | Class 33-Maxim Comm Cap | 13,819.34 | 12,250 |
| Class 34a | | Class 34a-Amur | 9,279.74 | 8,000 |
| Class 34a | | Class 34b-Amur | 23,199.36 | 20,000 |
| Class 34a | | Class 34c-Amur | 23,199.36 | 20,000 |
| Class 35 | | Class 35-Travis Patterson | 12,759.65 | 11,000 |
| Class 36 | | Class 36-De Lage Financial Solutions Rejected | | |
| Class 37 | | Class 37-Ascentium Capital Rejected | | |
| Class 38 | | Class 38-SBA EIDL | 2,324,541.89 | 1,931,050 |
| Class 39 | | Class 39-Mitusbishi | 274,946.21 | 210,000 |
| | | | | |
| Unsecured | | Alliance Funding Group | 3,914.54 | |
| Unsecured | | Alliance Funding Group | 19,425.04 | |
| Unsecured | | Alliance Funding Group | 21,904.95 | |
| Unsecured | | Midland States Bank | 15,967.79 | |
| Unsecured | | Engs/Mitsubishi HC Capital America, Inc. | 13,538.88 | |
| Unsecured | | U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance | 56,708.61 | |
| Unsecured | | Marlin Leasing Corporation | 2,171.85 | |
| Unsecured | | Channel Partners Capital, LLC | 18,156.12 | |
| Unsecured | | JPMorgan Chase Bank, N.A. | 27,900.92 | |
| Unsecured | | EquipmentShare, Inc | 8,574.29 | |
| Unsecured | | Santander Consumer USA Inc. d/b/a/ Chrysler Capital as servicer for CCAP Auto Lease Ltd. | 23,984.39 | |
| Unsecured | | Jose A. Toscano d/b/a Tony's Trucking | 7,893.94 | |
| Unsecured | | Express Employment | 5,788.90 | |
| Unsecured | | Spherion Staffing | 183.43 | |
| Unsecured | | Total Quality Logistics, LLC | 1,241.13 | |
| Unsecured | | Amur Equipment Finance | 2,931.39 | |
| Unsecured | | Amur Equipment Finance | 1,446.54 | |
| Unsecured | | Amur Equipment Finance | 3,267.29 | |
| **Totals** | | | **4,633,597.14** | **3,078,093.30** |

| | | |
|---|---|---|
| Cash in Bank | | 201,753 |
| Accounts Receivable | | 134,553 |
| Owned Assets | | 79,000 |
| Liquidation Value Chapter 7 | -10% | (349,340) |
| **Total Liquidation** | | **3,144,059** |

# EXHIBIT B

**Broit Builders dba Broit Lifting**
**Plan Projections**
**Case 2:23-bk-00762**

| | Year 1 2024 | Year 2 2025 | Year 3 2026 | Year 4 2027 | Year 5 2028 | Plan Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash** | 139,134 | 1,249 | 4,754 | 585 | 265 | |
| | | | | | | |
| **Gross Revenue** | 3,892,800 | 3,931,728 | 3,971,045 | 4,010,756 | 4,050,863 | 19,857,192 |
| | | | | | | |
| **Operating Expenses** | | | | | | |
| Operational Costs | 490,101 | 476,422 | 480,786 | 488,794 | 496,846 | 2,432,948 |
| Personnel, including payroll taxes and benefits | 2,458,304 | 2,479,909 | 2,501,730 | 2,528,769 | 2,546,029 | 12,514,742 |
| Occupancy Costs | 99,000 | 99,000 | 99,000 | 99,000 | 99,000 | 495,000 |
| General & Administrative | 330,002 | 330,800 | 331,606 | 332,420 | 333,243 | 1,658,072 |
| **Total Operating Expenses** | **3,377,407** | **3,386,131** | **3,413,123** | **3,448,984** | **3,475,118** | 17,100,763 |
| **Plan Payments** | | | | | | |
| **Administrative Expense Claims** | 68,000.00 | | | | | 68,000 |
| | | | | | | |
| **Priority Tax Claims** | | | | | | |
| Internal Revenue Service | 18,185.17 | | | | | 18,185 |
| | | | | | | |
| **Secured Claims** | | | | | | |
| Class 2-BMO Harris Bank N.A. | 8,641.76 | 8,641.76 | 8,641.76 | 8,641.76 | 8,641.76 | 43,209 |
| Class 3-Kapitus Servicing, Inc. | 27,576.25 | 27,576.25 | 27,576.25 | 27,576.25 | 27,576.25 | 137,881 |
| Class 4-Alliance Funding Group | - | - | - | - | - | |
| Class 5-Alliance Funding Group | 19,719.46 | 19,719.46 | 19,719.46 | 19,719.46 | 19,719.46 | 98,597 |
| Class 6-Alliance Funding Group | 4,175.89 | 4,175.89 | 4,175.89 | 4,175.89 | 4,175.89 | 20,879 |
| Class 7-Pawnee Leasing Corporation | - | - | - | - | - | |
| Class 8-Midland States Bank | 92,797.45 | 92,797.45 | 92,797.45 | 92,797.45 | 92,797.45 | 463,987 |
| Class 9-First Citizens Bank & Trust Company | 22,573.37 | 22,573.37 | 22,573.37 | 22,573.37 | 22,573.37 | 112,867 |
| Class 10-First Citizens Bank & Trust Company | 8,316.50 | 8,316.50 | 8,316.50 | 8,316.50 | 8,316.50 | 41,583 |
| Class 11-Dakota Financial, LLC | 3,332.75 | 3,332.75 | 3,332.75 | 3,332.75 | 3,332.75 | 16,664 |
| Class 12-Dakota Financial, LLC | 8,163.62 | 8,163.62 | 8,163.62 | 8,163.62 | 8,163.62 | 40,818 |
| Class 13-Engs/Mitsubishi HC Capital America, Inc. | 10,241.55 | 10,241.55 | 10,241.55 | 10,241.55 | 10,241.55 | 51,208 |
| Class 14-Lake Michigan Credit Union | 7,437.60 | 7,437.60 | 7,437.60 | 7,437.60 | 7,437.60 | 37,188 |
| Class 15-Financial Pacific Leasing, Inc. | 2,726.21 | 2,726.21 | 2,726.21 | 2,726.21 | 2,726.21 | 13,631 |
| Class 16-Financial Pacific Leasing, Inc. | - | - | - | - | - | |
| Class 17-First Citizens Bank & Trust Company | 4,752.29 | 4,752.29 | 4,752.29 | 4,752.29 | 4,752.29 | 23,761 |
| Class 18-U.S. Bank, N.A d/b/a U.S. Bank Equipment Finance | 5,799.84 | 5,799.84 | 5,799.84 | 5,799.84 | 5,799.84 | 28,999 |
| Class 19-Financial Pacific Leasing, Inc. | 6,031.83 | 6,031.83 | 6,031.83 | 6,031.83 | 6,031.83 | 30,159 |
| Class 20-Sheffield Financial, a Division of Truist Bank | - | - | - | - | - | |
| Class 21-North Mill Credit Trust | 15,328.95 | 15,328.95 | 15,328.95 | 15,328.95 | 15,328.95 | 76,645 |
| Class 22-Marlin Leasing Corporation | - | - | - | - | - | |
| Class 23-Commerical Capital Company | 11,599.68 | 11,599.68 | 11,599.68 | 11,599.68 | 11,599.68 | 57,998 |
| Class 24-Commerical Capital Company | - | - | - | - | - | |
| Class 25-Commerical Capital Company | 10,558.03 | 10,558.03 | 10,558.03 | 10,558.03 | 10,558.03 | 52,790 |
| Class 26-Commerical Capital Company | - | - | - | - | - | |
| Class 27-Commerical Capital Company | 8,119.78 | 8,119.78 | 8,119.78 | 8,119.78 | 8,119.78 | 40,599 |
| Class 28-Commerical Capital Company | - | - | - | - | - | |
| Class 29-Commerical Capital Company | 32,878.14 | 32,878.14 | 32,878.14 | 32,878.14 | 32,878.14 | 164,391 |
| Class 30-Stearns Bank | 6,959.81 | 6,959.81 | 6,959.81 | 6,959.81 | 6,959.81 | 34,799 |
| Class 31-Channel Partners Capital, LLC | 17,166.14 | 17,166.14 | 17,166.14 | 17,166.14 | 17,166.14 | 85,831 |
| Class 32-Pearl Capital Business Funding LLC | 11,930.14 | 11,930.14 | 11,930.14 | 11,930.14 | 11,930.14 | 59,651 |
| Class 33-Maxim Comm Cap | 4,606.45 | 4,606.45 | 4,606.45 | 4,606.45 | 4,606.45 | 23,032 |
| Class 34a-Amur | 1,855.95 | 1,855.95 | 1,855.95 | 1,855.95 | 1,855.95 | 9,280 |
| Class 34b-Amur | 4,639.87 | 4,639.87 | 4,639.87 | 4,639.87 | 4,639.87 | 23,199 |
| Class 34c-Amur | 4,639.87 | 4,639.87 | 4,639.87 | 4,639.87 | 4,639.87 | 23,199 |
| Class 35-Travis Patterson | 2,551.93 | 2,551.93 | 2,551.93 | 2,551.93 | 2,551.93 | 12,760 |
| Class 36-De Lage Financial Solutions Rejected | - | - | - | - | - | |
| Class 37-Ascentium Capital Rejected | - | - | - | - | - | |
| Class 38-SBA EIDL | 107,315.92 | 107,315.92 | 107,315.92 | 107,315.92 | 107,315.92 | 536,580 |
| Class 39-Mitsubishi | 39,654.97 | 39,654.97 | 39,654.97 | 39,654.97 | 39,654.97 | 198,275 |
| **Total Secured Claims** | **512,091.98** | **512,091.98** | **512,091.98** | **512,091.98** | **512,091.98** | 2,560,459.90 |
| | | | | | | |
| **Total Administrative, Priority Tax, Priority, and Secured Claims** | **598,277.15** | **512,091.98** | **512,091.98** | **512,091.98** | **512,091.98** | **2,646,645.07** |
| | | | | | | |
| Funds Available | 56,249.25 | 34,754.00 | 50,584.72 | 50,264.66 | 63,918.32 | **255,771** |
| | | | | | | |
| Unsecured Creditors | 55,000.00 | 30,000.00 | 50,000.00 | 50,000.00 | 60,000.00 | **245,000** |
| | | | | | | |
| **Ending Cash** | 1,249.25 | 4,754.00 | 584.72 | 264.66 | 3,918.32 | |

# EXHIBIT C

# Assumed Executory
# <u>Contracts and Unexpired Leases</u>

1.     THAT CERTAIN LEASE ENTERED WITH JAMES HOWARD WHITEHEAD FOR A 5 ACRE PROPERTY LOCATED AT 16920 JAMES WHITEHEAD RD, FT. MYERS, FL 33912.

2.     THOSE CERTAIN INSURANCE AGREEMENTS ENTERED WITH AUTO-INSURANCE OWNERS, TO WIT: COMMERCIAL AUTO ENDING 7900; COMMERCIAL UMBRELLA ENDING 0201; GENERAL LIABILITY ENDING 5808.